KELLY A. EVANS, ESQ.
Nevada Bar No.: 007691
CHAD R. FEARS, ESQ.
Nevada Bar No.: 006970
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, #1100
Las Vegas, NV 89169
Telephone (702) 784-5200
Facsimile (702) 784-5252
Email: cfears@swlaw.com

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| **UNITED CAPITAL FINANCIAL ADVISERS, INC., a Delaware corporation,** | **Case No.: 2:12-cv-00300-LRH-PAL** |
| **Plaintiff,** | |
| **v.** | **STIPULATED PROTECTIVE ORDER** |
| **CAPITAL INSIGHT PARTNERS, LLC, an Arizona limited liability company, SUZANNE YOULES, and VICKI GILMAN,** | |
| **Defendants.** | |

Plaintiff, United Capital Financial Advisers ("Plaintiff"), Defendants Capital Insight Partners, LLC, Suzanne Youles, and Vicki Gilman ("Defendants"), each by their respective counsel and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, hereby respectfully move this Court to enter this Stipulation Protective Order to facilitate the production and treatment of proprietary and confidential information in the above-captioned action, and deeming it just and proper so to do and for other good cause, it is hereby ORDERED:

1.      For the purpose of this Protective Order, "Litigation Material" shall mean all documents, testimony or other information produced, served, or filed by one or more of the Parties or a non-party in connection with formal or informal discovery, hearing or other proceeding (whether in the form of depositions, transcripts, interrogatory answers, document

productions, responses to requests for admission or otherwise), or in any pleading, motion, affidavit, declaration, brief or other document (or exhibit thereto) submitted to the Court.

2.      For the purpose of this Protective Order, "Confidential Information" shall mean all Litigation Material that the producing Party or non-party has designated in good faith as "**PROPRIETARY AND/OR CONFIDENTIAL**" or as "**CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY**" in accordance with this Protective Order.  By way of example, and not by limitation, Confidential Information may include or be included in documents, summaries, notes, abstracts, e-mail, drawings and any instrument that comprises, embodies or summarizes a matter that any Party or non-party reasonably and in good faith believes is confidential or proprietary and desires not to be made public.  Confidential Information designated by a Party or non-party as "**PROPRIETARY AND/OR CONFIDENTIAL**" is information which the designating Party or non-party in good faith believes constitutes or contains proprietary or confidential trade secret, technical, business, and financial information or information that will unduly invade the personal privacy of individual employees or agents of the disclosing party. Confidential Information designed by a Party or non-party as "**CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY**" is information a designating Party or non-party in good faith believes constitutes or contains current research and development information or competitively sensitive information, the disclosures of which to another party to this litigation can reasonably be expected to lead to competitive harm to the designating Party or non-party, as well as information obtained from third parties under an obligation of confidentiality.   The Party or non-party designating Litigation Material as Confidential Information shall at all times bear the burden of demonstrating that the Litigation Material has been properly designated as required by Paragraph 11.

3.      This Protective Order is designed to facilitate discovery and production of documents and other information in this action that the producing Party or non-party considers to be Confidential Information.  For purposes of this Protective Order, the words "Party" and "non-party" shall include directors, officers, employees, and agents of the Party or non-party.

4.      No person governed by this Protective Order shall disclose or use, or cause to be disclosed or used any Confidential Information except in connection with this action and as permitted by this Protective Order.  No Confidential Information shall be used for any business, commercial, competitive, personal or other purpose unrelated to the conduct of this action by anyone other than the producing party.  Confidential Information shall not be disclosed to any person without the prior written consent of the producing Party or non-party or an order of this Court, except as provided in this Protective Order.

5.      Subject to the provisions of this Protective Order, Confidential Information that a producing Party or non-party has designated as "**PROPRIETARY AND/OR CONFIDENTIAL**" may be disclosed to the following:

        a.      counsel for any Party in this action and all employees and staff thereof;

        b.      the Court, its employees and clerks including, without limitation, its court reporters, provided that the Confidential Information is filed or disclosed in accordance with the terms of this Protective Order;

        c.      two (2) in-house designees for each of the Parties;

        d.      a person (including corporate representatives other than those identified in Section 5(c), above) who is noticed for depositions or subpoenaed to testify at a hearing in this action to the extent that it reasonably appears that that person authored or received the Confidential Information or was involved in the generation of its subject matter;

        e.      expert witnesses and/or consulting experts retained by counsel of record on behalf of the Parties solely for purposes of this litigation; and

        f.      stenographers or other persons preparing transcripts of testimony in this action,

provided, however, that no disclosure of such Confidential Information, or any copy, excerpt, or summary thereof, or the information contained therein shall be made to any person identified in Paragraphs 5(c), 5(d), or 5(e) until such person has first been shown and has read a copy of this Protective Order and has agreed, in writing, to be bound by its terms by signing a copy of the

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

Acknowledgment and Agreement to Maintain Confidentiality ("Confidentiality Agreement") attached to this Protective Order as Exhibit A.

6.     Confidential Information that a producing Party or non-party has designated as "**CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY**" may be disclosed only to:

       a.     Outside counsel of record for any Party in this action and all employees and staff thereof;

       b.     the Court, its employees and clerks including, without limitation, its court reporters, provided that the Confidential Information is filed or disclosed in accordance with the terms of this Protective Order;

       c.     a person who is noticed for depositions or subpoenaed to testify at a hearing in this action to the extent that it reasonably appears that that person authored or received the Confidential Information or was involved in the generation of its subject matter;

       d.     expert witnesses and/or consulting experts retained by counsel of record on behalf of the Parties solely for purposes of this litigation; and

       e.     stenographers or other persons preparing transcripts of testimony in this action,

provided, however, that no disclosure of such Confidential Information, or any copy, excerpt, or summary thereof, or the information contained therein shall be made to any person identified in Paragraphs 6(c) or 6(d) until such person has first been shown and has read a copy of this Protective Order and has agreed, in writing, to be bound by its terms by signing a copy of the Confidentiality Agreement attached to this Protective Order as Exhibit A.     Confidential Information that the Parties have designated as "**CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY**" shall not be transmitted in any manner outside of the U.S., including but not limited to sending hard copies, reproductions thereof, or electronic copies of documents designated by the Parties as "**CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY**" to persons or entities outside of the U.S., or physically transporting such documents outside of the U.S.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

7.      All persons who obtain Litigation Material designated as Confidential Information shall take all necessary and appropriate measures to maintain the confidentiality of the Confidential Information, shall disclose such information only to persons authorized to receive it under this Protective Order, and shall retain such information in a secure manner.  All persons governed by this Protective Order, by reviewing Confidential Information and having signed a Confidentiality Agreement, shall agree to the jurisdiction of this Court over their person for the purpose of any action seeking to enforce the terms and conditions of this Protective Order, or for any action for contempt for violation of this Protective Order.  Counsel obtaining a signed Confidentiality Agreement as required under this Protective Order will retain the original.

8.      The producing Party or non-party shall have the right to designate any Confidential Information that it believes reasonably and in good faith deserves such designation as "**PROPRIETARY AND/OR CONFIDENTIAL**" or "**CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY**."  Information shall be marked "**PROPRIETARY AND/OR CONFIDENTIAL**" or "**CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY**" in a readily visible or noticeable manner at the time the information is furnished to the receiving Party or at any time thereafter.  In order to expedite the discovery process, a Party or non-party may initially produce documents or things for inspection before making the "**PROPRIETARY AND/OR CONFIDENTIAL**" or "**CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY**" designation on the face of each document, provided that the producing Party or non-party marks the documents in accordance with the provisions of this Protective Order when copies are made and produced to the receiving Party.

9.      In the case of documents, Confidential Information shall be designated by a stamp or designation on each such document prior to production or service.  Any person photocopying or otherwise duplicating Confidential Information shall ensure that the "**PROPRIETARY AND/OR CONFIDENTIAL**" or "**CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY**" designation appears clearly on any such copies or duplicates.  To the extent that material stored or recorded in the form of electronic or magnetic media (including information, databases or programs stored on computers, disks, networks or tapes) ("Computer Data") is produced by a

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

Party or non-party in such form, the producing Party or non-party may designate such material as Confidential Information if the material otherwise meets the requirements for such designation under this Protective Order, by cover letter referring generally to such material and designating whether it is "**PROPRIETARY AND/OR CONFIDENTIAL**" or "**CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY**." Any testimony given in any deposition or hearing in this action may be designated as "**PROPRIETARY AND/OR CONFIDENTIAL**" or "**CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY**" by the producing Party or non-party by making such designation on the record. The testifying Party or non-party also may make such designation in writing to the court reporter if the designations are made within thirty (30) days after the transcript has been made available to them, and notice of such designation is sent to all counsel of record. The court reporter shall then separately transcribe and bind those portions of the testimony designated as containing Confidential Information and shall mark the face of the transcript with the words "**PROPRIETARY AND/OR CONFIDENTIAL**" or "**CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY**" as directed by counsel for the producing Party or non-party and seal the Confidential Information in a separate envelope. Whenever any document designated as "**PROPRIETARY AND/OR CONFIDENTIAL**" or "**CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY**" is identified as an exhibit in connection with testimony given in any deposition or hearing, it shall be so marked. Nothing in this Protective Order shall be intended or interpreted to limit a Party's right to use Confidential Information at any hearing in this matter, subject to the provisions of this Protective Order or any order of the Court at that time.

10. ~~Any Party that desires to disclose Confidential Information (whether by way of verbatim or summary reference or as an exhibit) in any filing to the Court shall file it with a request that it be kept under seal in an envelope conspicuously labeled "~~**CONFIDENTIAL – FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**~~." Upon a proper request, this Court shall determine whether such Confidential Information will be maintained under seal.~~

11. A Party receiving Confidential Information may at any time notify the producing Party or non-party, in writing, or in the case of a deposition, either upon the record of a deposition

Not approved.

or in a later writing, of their objection to the designation of information as "**PROPRIETARY AND/OR CONFIDENTIAL**" or "**CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY**."  In that event, the Parties or non-parties shall attempt to resolve any challenge in good faith on an expedited and informal basis.  If the challenge cannot be expeditiously and informally resolved, the Party requesting the removal of the confidential designation may apply for an appropriate ruling from this Court.  The Party or non-party designating Litigation Material as Confidential Information shall bear the burden of showing good cause why the material should be so designated.  The Confidential Information in issue shall be treated as Confidential Information pursuant to this Protective Order until the Parties and/or non-parties agree or the Court rules otherwise.  A Party shall not be obligated to challenge the propriety of the designation of any Confidential Information.  Failure to challenge the designation of Confidential Information shall not preclude any subsequent objection to the designation or any motion seeking permission to disclose such Confidential Information to persons not referred to in this Protective Order. Nothing shall affect any Party's right to seek modification of this Protective Order.

12.     Inadvertent or unintentional disclosure of Confidential Information or of information that a producing Party or non-party intends to designate as Confidential Information shall not be deemed a waiver in whole or in part of its claim of confidentiality with respect to either the information so disclosed or any other related information, provided that the producing Party or non-party gives prompt notification, in writing, to the receiving Parties within thirty (30) days of discovery of the inadvertent disclosure.  Disclosure of the document or information by the receiving Party before it is designated as Confidential Information shall not be deemed a violation of the provisions of this Protective Order.

13.     Until further order of this Court, all provisions of this Protective Order regarding the production and use of Litigation Material and Confidential Information obtained in these proceedings shall survive the conclusion of these proceedings and shall continue to be binding on every Party, non-party, counsel and other person subject to this Protective Order and on all persons who have executed a Confidentiality Agreement.  Any and all originals and copies of Litigation Material designated as Confidential Information shall at the request of the producing

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

Party or non-party, be returned to the producing Party or non-party or (if no such request is made) destroyed within sixty (60) days of the conclusion of these proceedings, including any appeals thereof, provided, however, that counsel may maintain in its files one copy of each pleading or paper filed with the Court, a copy of the transcript of each deposition or hearing together with any exhibits marked at the deposition or hearing and documents constituting work product that were generated during the course of these proceedings.   Counsel who retains any Confidential Information pursuant to the terms of this Paragraph shall continue to be subject to this Protective Order as long as such Confidential Information is retained.

14.    Nothing in this Protective Order shall prevent any Party from seeking amendments broadening or restricting the rights of access to or the use of specific Confidential Information or otherwise modifying this Protective Order.  In addition, this Protective Order may be amended by this Court upon the agreement of counsel of record and the filing of an amended stipulation.

15.    A person's compliance with the terms of this Protective Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged, (c) proprietary; (d) a trade secret; or (e) admissible in evidence in this action.

16.    Nothing in this Protective Order shall limit or affect the rights of a producing Party or non-party to disclose, to authorize disclosure of, or to use in any way, its own Confidential Information.   Nothing in this Protective Order shall impose any restrictions on the use or disclosure by any Party or non-party of any information or documents that are or become public or that are obtained by any Party or non-party through lawful means independent of discovery in the above-captioned proceedings, provided, however, that the unlawful or improper disclosure of Confidential Information by any person subject to this Protective Order shall not relieve any Party or non-party of its duties and obligations under this Protective Order to prevent further disclosure or dissemination of the Confidential Information.

17.    The restrictions on disclosure and use of Confidential Information in this Protective Order shall continue after the conclusion of this action to be binding upon the Parties and all other persons to whom such information has been disclosed pursuant to the provisions of this Protective Order or any order of this Court.  This Court shall have continuing jurisdiction to

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702) 784-5200

1    enforce, modify, amend, or rescind this Protective Order notwithstanding the termination or

2    conclusion of this action.

3          18.    The undersigned counsels have the authority to execute this Protective Order on

4    behalf of their clients.

5          The Clerk shall send a copy of this Order to counsel of record.

6    DATED this 30th day of March, 2012.          DATED this 30th day of March, 2012.

7    SNELL & WILMER L.L.P.

8

9

10   _/s/ Chad R. Fears_                          _/s/ Michael V. Infuso_
     Kelly A. Evans, Esq.                         MICHAEL V. INFUSO
11   Chad R. Fears, Esq.                          3030 S. Jones Blvd.
     3883 Howard Hughes Pkwy., Ste. 1100          Suite 101
12   Las Vegas, NV  89169                         Las Vegas, NV 89146
                                                  Telephone 702.570.6000
13   RANDALL D. AVRAM *(Pro Hac pending)*
     N.C. State Bar No. 13403                     *Attorney for Defendants*
14   DAVID C. LINDSAY *(Pro Hac pending)*
     N.C. Bar No. 24380
15   Kilpatrick Townsend & Stockton LLP
     4208 Six Forks Rd., Ste. 1400
16   Raleigh, NC  27609
     Phone (919) 420-1700
17   Fax (919) 420-1800

18   *Attorneys for Plaintiff*

19

20                                 **ORDER**

21   **IT IS SO ORDERED** that the parties' Stipulated Protective Order (Dkt. #27) is
22   APPROVED with the exception of Paragraph 10, which is NOT APPROVED.

23   Dated this 9th day of April, 2012.

24                                    _____
25                                    HONORABLE PEGGY A. LEEN
                                      United States Magistrate Judge
26

27

28

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702) 784-5200

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| **UNITED CAPITAL FINANCIAL ADVISERS, INC., a Delaware corporation,** | **Case No.:  2:12-cv-00300-LRH-PAL** |
| **Plaintiff,** | |
| **v.** | **ACKNOWLEDGMENT AND AGREEMENT TO MAINTAIN CONFIDENTIALITY** |
| **CAPITAL INSIGHT PARTNERS, LLC, an Arizona limited liability company, SUZANNE YOULES, and VICKI GILMAN,** | |
| **Defendants.** | |

I, _____, understand that one of the parties in this action desires to disclose to me certain information that is confidential.  I have read and I understand the Protective Order to which this Acknowledgment and Agreement is attached.  I understand and acknowledge that the Protective Order governs my use of the Confidential Information.

I agree that I will not disclose any Litigation Material designated as Confidential Information (including any copies, summaries, extracts or notes of any such information) to any person, agency, institution, company or other entity, except those persons to whom disclosure is permitted under this Protective Order.  I further agree and hereby submit myself to the jurisdiction of the United States District Court for the District of Nevada with respect to any proceedings for enforcement of, or sanctions in connection with my use of Confidential Information under this Protective Order.

DATE: _____         _____

                                                                                      (Signature)

                                                                         _____

                                                                                 (Type or Print Name)

14794813